IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02653-WYD-CBS

MASON L. RAMSEY, a/k/a Mason L. Ramsey; and
JUDITH MAE NEVILLE, a/k/a Judith Mae Neville,

    Plaintiffs,

v.

CITIMORTGAGE, INC.;
VIKRAM PANDIT, CEO, CITIMORTGAGE;
DECISION ONE MORTGAGE, LLC;
ARCH BAY HOLDINGS 2010, LLC;
SPECIALIZED LOAN SERVICING;
ARONOWITZ & MECKLENBURG;
MERS Mortgage Electronic Registration Systems;
ANA MARIE PETERS - PUBLIC TRUSTEE;
FANNIE MAE;
JUDGE CHARLES PRATT;
JUDGE CHRISTOPHER CROSS;
JOHN & JANE DOES 1-50,

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on *pro se* Plaintiffs Mason L. Ramsey and Judith Mae Neville's *ex parte* motion styled "Application for Temporary Restraining Order" ("TRO") filed October 29, 2010 (ECF No. 2).  Plaintiffs seek a TRO pursuant to Fed. R. Civ. P. 65(b) based on the "'fraudulent conveyance' and 'slander of title' inflicted by CITIMORTGAGE, INC., and the sale by Arapahoe County Public Trustee's Office" of Plaintiffs' "Homestead real estate" located in the county of Arapahoe, Aurora, Colorado.

(App. TRO at 1.)  The address of the real property is 158781 East Girard Place, Aurora, Colorado 80013.  The property was sold at a foreclosure sale which occurred on October 13, 2010 (*id.* at 2) and CITIMORTGAGE has commenced an unlawful detainer action against Plaintiffs.  (*See* Verified Complaint (Unlawful Detainer) attached to App. TRO.)

While the relief sought in the motion is not clear, it appears that Plaintiffs are seeking a TRO to the effect "that no valid contract exists or ever existed between the plaintiffs and CITIMORTGAGE, INC." and which declares the rights and status of each party in relation to the property as well as the interests assigned to Plaintiff in such property. . . ."  (App. TRO at 10, 14.)  Presumably Plaintiffs also seek to prevent the Defendants from evicting Plaintiffs from the property.  (*Id.* at 2)  Indeed, in a handwritten note at the end of the Application, Plaintiffs request an emergency hearing on November 4, 2010, due to a scheduling hearing set in the state court on November 5, 2010, "to evict Plaintiffs from their property."  (*Id.* at 15.)

As to Plaintiffs' claims in this case, the Complaint alleges that the "Original Note, dated November 18, 2005 and Deed of Trust recorded on December 9, 2005, with the Arapahoe County Clerk and Recorder's Officer was originated" by Plaintiffs and "negotiated to DECISION ONE LLC. INVESTORS, CORP., A CAROLINA CORPORATION."  (Compl., ¶ 23.)  It is also alleged that "[t]his note was and or somehow transferred to or received by Defendant CITIMORTGAGE, INC., although there is no evidence of actual endorsement or payment of even nominal value by CITIMORTGAGE, INC."  (*Id.*)

The Complaint questions whether CITIMORTGAGE, INC. was actually a "holder in due course" of Plaintiffs' note, or whether it was in privity with DECISION ONE MORTGAGE, LLC.  (*Id.*, ¶ 24.)  It asserts in that regard "that there exists a broken claim of ownership and that none of the Defendants have the right to act as the Trustee or Beneficiary of the DEED OF TRUST."  (*Id.*, ¶ 131.)  Thus, the Complaint alleges that a controversy exists as to whether any of the Defendants are qualified or entitled to sell Plaintiff's property, and that a declaratory judgment is necessary and proper to set forth the rights, obligations and liabilities of the parties.  (*Id.*, ¶¶ 132, 133.)

The Complaint also seeks to void or nullify the note to DECISION ONE MORTGAGE, the originating Lender, as well as CITIMORTGAGE, and seeks a declaratory judgment that "the endorsements without recourse" violate Colorado and Federal law "concerning the management and securitization of proimissory notes as negotiable instruments and as 'money'. . . ."  (Compl., ¶¶ 34, 35.)  The Complaint asserts a claim for injunctive relief "authorized by 42 U.S.C. §§ 1983, 1988(a), Colorado DTPA, and Common-Law Equity" and claims styled "Relief by Foreclosure Accounting"; "Unfair Debt Collection Practices & Predatory Lending" (citing to California's Rosenthal Fair Debt Collection Practices Act, the Federal Fair Debt Collections Act, and the Real Estate Settlement Procedures Act"; "Declaratory Judgment: No Valid Contract Exists"; "CITIMORTGAGE, INC. Knew or Should Have Known"; and Quiet Title.  Plaintiffs failed to attach to the Complaint the Note or Deed of Trust or any of the loan documents or other documents at issue therein.  These documents are also not attached to the Application for a TRO.  I now turn to the merits of Plaintiffs' motion.

II.     ANALYSIS

I first note that I must construe the motion and other papers filed by Plaintiffs liberally because they are not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

Issuance of a TRO is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933). Fed. R. Civ. P. 65(b)(1) provides that a TRO such as this one "may be granted without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id*.

The primary purpose of injunctive relief is to preserve the status quo pending a final determination of the parties' rights.  *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981). A movant seeking a TRO or preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th

Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).  Because injunctive relief "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."  *Dominion Video*, 269 F.3d at 1154.

In this case, Plaintiffs allege in their motion that they will be irreparably injured if the parties are not enjoined in that, among other things, they will suffer a complete loss of their unique real property.  (App. TRO at 4.)  Since they have shown that they may be facing imminent eviction from their home, Plaintiffs have arguably demonstrated that immediate and irreparable injury, loss or damages will result before Defendants can be heard in opposition.  However, they did not file an affidavit or verified complaint to that effect as required by Fed. R. Civ. P. 65(b)(1).  Thus, this element of the Rule has not been met.  As to service, while Plaintiffs did argue in their motion why notice should not be given to Defendants (App. TRO ¶ 12), they did not state whether they tried to serve Defendants.[1]  Thus, Plaintiffs did not meet the requirements of Rule 65(b)(1).

Even if I assume for purposes of this motion that Plaintiffs could demonstrate that they are entitled to *ex parte* relief pursuant to Rule 65(b)(1), I find that a TRO is still not appropriate in this case on the merits.  First and most importantly, Plaintiffs have not demonstrated a substantial likelihood of success on the merits of their claims.  Plaintiffs' claim that the Defendants were not holders in due course of their note and/or were otherwise not qualified to or entitled to foreclose on Plaintiff's property are likely barred by the *Rooker-Feldman* doctrine.  This doctrine is a jurisdictional prohibition based on

---

[1] Plaintiffs did file a document entitled "Motion to Serve Defendants" (ECF NO. 3), but it does not specifically state whether Plaintiffs ever attempted service on Defendants.

28 U.S.C. § 1257 which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Courts have interpreted the *Rooker-Feldman* doctrine to bar "a party losing in state court. . .from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). In other words, it applies to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In this case the foreclosure sale related to Plaintiffs' property and the eviction proceedings at issue related to CitiMortgage Inc.'s Verified Complaint (Unlawful Detainer) are clearly state court proceedings authorized under Rule 120 of the Colorado Rules of Civil Procedure and state statute. Plaintiffs' claims that Defendants do not have authority to proceed with these actions and their quiet title claims are intertwined with the state court proceedings. A determination in Plaintiffs' favor could potentially undo the state court orders regarding the foreclosure and sale of the property, and this Court would essentially be acting as an appellate court if it were to reconsider those issue in this case. Therefore, it is unlikely that Plaintiffs can prevail on the merits of those claims.

I also find that Plaintiffs have failed to demonstrate a likelihood of success as to any of the other claims, including claims under the Federal Fair Debt Collection Practices Act ["FDCPA"] and the Real Estate Settlement Procedures Act ["RESPA"] which may not be barred by *Rooker-Feldman*. "Under the FDCPA, '[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.'" *Mayhew v. Cherry Creek Mortg. Co., Inc.*, No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *11 (D. Colo. Mar. 12, 2010) (quoting 5 U.S.C. § 1692f). Plaintiffs have not alleged how the FDCPA was violated by Defendants or what specific subsections of the FDCPA were violated as required to support such a claim.

Similarly, under RESPA, an entity who is assigned a loan for servicing "is obligated to respond to 'qualified written requests' from the Plaintiff." *See Ricotta v. Ocwen Loan Servicing, Inc.*, No. 06-cv-01502-MSK-KLM, 2008 WL 516647, at *3 (D. Colo. Feb. 22, 2008) (citing 12 U.S.C. § 2605(e)(1)(B)). Noncompliance with the requirements of RESPA entitles a borrower to recover damages. *Id.* Again, Plaintiffs have failed to allege any facts related to the RESPA claim, including facts which demonstrate a qualified written request by Plaintiffs and/or noncompliance from the Defendants. Accordingly, Plaintiffs have alleged insufficient facts to show a likelihood of success on the merits as to these statutes.

Finally, I note that Plaintiffs failed to even argue or assert likelihood of success in their Application. They also failed to argue or assert how the threatened injury to them outweighs the injury to the Defendants or whether the TRO would be consistent with or adverse to the public interest. Indeed, the majority of factual allegations in Plaintiffs'

Complaint and Application for a TRO are general statements concerning the mortgage lending industry, rather than specific statements concerning Plaintiffs' specific situation. Given that Plaintiffs' motion fails to establish the elements required for a TRO, I cannot grant the extraordinary relief Plaintiffs seek at this time.

III.    CONCLUSION

In conclusion, for the reasons set forth herein, it is

ORDERED that Plaintiffs' Application for a Temporary Restraining Order (ECF No. 2) is **DENIED**.

Dated:  November 2, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge