IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02653-WYD-CBS

MASON L. RAMSEY, a.k.a. MASON L. RAMSEY, and
JUDITH MAE NEVILLE, a.k.a. JUDITH MAE NEVILLE,
    Plaintiffs,
v.

CITIMORTGAGE, INC.,
VIKRAM PANDIT, CEO, CITIMORTGAGE,
DECISION ONE MORTGAGE, LLC,
ARCH BAY HOLDINGS 2010, LLC,
SPECIALIZED LOAN SERVICING,
ARONOWITZ & MECKLENBURG,
MERS Mortgage Electronic Registration Systems,
ANA MARIE PETERS - PUBLIC TRUSTEE,
FANNIE MAE,
JUDGE CHARLES PRATT,
JUDGE CHRISTOPHER CROSS, and
JOHN & JANE DOES 1-50,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiffs' "Motion to Serve Defendants" (filed October 29, 2010) (doc. # 3).  Pursuant to the Order of Reference dated November 4, 2010 (doc. # 5) and the memorandum dated November 4, 2010 (doc. # 6), this matter was referred to the Magistrate Judge.  The court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Plaintiffs are not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915

(*see* doc. # 1-9 (receipt for $350.00 filing fee paid)), nor are they incarcerated. Plaintiffs reside in Aurora, Colorado. (*See, e.g.,* Complaint (doc. # 1) at p. 39 of 43). Plaintiffs have not alleged or demonstrated that they are subject to any limitations in their ability to effect service on the Defendants. To the extent that Plaintiffs are seeking service by the U.S. Marshal, for these reasons, the court declines to request the U.S. Marshal to effect service. To the extent that Plaintiffs are seeking permission from the court to serve Defendants, Plaintiffs may proceed themselves to serve Defendants. Accordingly, IT IS ORDERED that:

    1.    Plaintiffs' "Motion to Serve Defendants" (filed October 29, 2010) (doc. # 3) is DENIED.

    2.    Plaintiffs are reminded that pursuant to Fed. R. Civ. P. 4(m),

> "If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

DATED at Denver, Colorado, this 4th day of November, 2010.

                      BY THE COURT:

                        s/Craig B. Shaffer
                        United States Magistrate Judge