IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02653-WYD-CBS

MASON L. RAMSEY, a/k/a Mason L. Ramsey; and
JUDITH MAE NEVILLE, a/k/a Judith Mae Neville,

Plaintiffs,

v.

CITIBANK, N.A.; and
JOHN & JANE DOES 1-50,

Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants Citibank, N.A. and CitiMortgage, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [hereinafter "Motion to Dismiss"] filed on February 11, 2011. This motion was referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated November 4, 2010 and Memorandum of February 11, 2011. Magistrate Judge Shaffer issued a Recommendation on July 28, 2011, which is incorporated herein by reference. He recommends therein that the Motion to Dismiss be granted. This is discussed in more detail below.

Plaintiffs filed an Objection to the Recommendation on August 4, 2011, and an Amended Objection on August 15, 2011. These Objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which

objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).[1] "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967) (internal quotation marks omitted)). While the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment." *Id*. I address the Objections in connection with my analysis below of Magistrate Judge Shaffer's Recommendation.

By way of background, this case arises as a result of a Public Trustee Foreclosure Sale on October 13, 2010, of Plaintiffs' property at 15881 East Girard Place, Aurora, Colorado. CitiMortgage, Inc. ["CitiMortgage"] purchased the property as the highest bidder. As noted in the Recommendation, the foreclosure sale was authorized by Arapahoe County District Court Judge Charles M. Pratt by Order of October 13, 2009. A Rule 120 hearing was held before Judge Pratt on October 19, 2009. Judge Pratt issued an Order and Amended Order on November 6, 2009, finding that CitiMortgage had met its burden under Rule 120 and that there was a reasonable probability that a default had occurred. The Order stated that if Mr. Ramsey and Ms. Neville wished to pursue other claims or issues, that needed to be done in a separate civil action, not in the Rule 120 proceeding. An Order

---

[1] I note that Defendants argue in their Response to Plaintiffs' Amended Objection that Plaintiffs have not preserved any issue for *de novo* review because their Objection fails to specifically identify the findings or recommendations to which they object or provide substantive analysis regarding any such objections. Instead, it is argued that Plaintiffs offer nothing more than a superficial recitation of the original arguments they advanced. As such, Defendants assert that the Court need not entertain Plaintiffs' improper Objection. While I acknowledge the validity of this argument, I will nonetheless in an abundance of caution review the Objections on a *de novo* basis.

of November 20, 2009, dismissed and denied all remaining motions and objections by the Plaintiffs. There is no evidence that Mr. Ramsey and Ms. Neville ever filed a separate civil action in state court. Instead, they filed this action on October 29, 2010.

On October 28, 2010, CitiMortgage filed a Forcible Entry and Detainer ["FED"] action against Plaintiffs seeking their eviction from the subject property. The Arapahoe County District Court entered a Judgment for Possession in favor of CitiMortgage in the FED Action on November 12, 2010. The FED Action concluded after this case was filed.

Defendants argue in their Motion to Dismiss that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because CitiMortgage's right to foreclose on and possess the property have already been litigated and decided in state court. Magistrate Judge Shaffer rejected that argument, finding that the *Rooker-Feldman* doctrine applies only to federal suits that are filed after state proceedings are final. (Recommendation at 9.) He further found, and I agree, that the Court does not have sufficient information at this juncture to determine with certainty whether Plaintiffs are seeking what in substance would be impermissible appellate review of a "final judgment" entered by the Arapahoe County District Court in the Rule 120 Proceeding or the FED Action. That is because it is unclear whether or when that court entered a final order approving the Public Trustee's sale, as required by Colo. R. Civ. P. 120(g).

Accordingly, Magistrate Judge Shaffer found that this Court "cannot conclude that Ms. Neville and Mr. Ramsey are seeking relief for harms caused by final state court action rendered before this federal proceeding commenced on October 29, 2010." (Recommendation at 10.) That ruling does not appear to have been appealed by Plaintiffs

in their Objections, and I find that the ruling is sound. Accordingly, this portion of the Recommendation is affirmed.

Nonetheless, Magistrate Judge Shaffer found that the case should be dismissed on other grounds. He noted that Plaintiffs "purport to bring a *Bivens* claim based upon Defendants' "use of non-judicial foreclosures by power of sale provisions" established by state law; non-judicial proceedings that Plaintiffs insist are "repugnant to the 5th Amendment." (Recommendation at 11.) The *Bivens* claim is asserted in the "First Cause of Action", alleging a due process violation under the Fifth Amendment to the United States Constitution. (*Id*.) Plaintiffs maintain in the claim that the "manner of foreclosure" by a "federal chartered corporation" "must be done under federal law." (*Id*.)

Magistrate Judge Shaffer found no support for this *Bivens* claim under prevailing law. (*Id*.) Instead, he noted that "property" and "interests in property" are creatures of state law, and that "the propriety of determining whether a foreclosure is appropriate is a matter of state law, not federal law." (*Id*. at 11-12.) While Plaintiffs appear to object to this holding, I agree this portion of the Recommendation and note that Plaintiffs have not cited any authority which holds to the contrary.

Instead, Plaintiffs focus much of their argument in the Objections on Magistrate Judge Shaffer's additional finding that Plaintiff cannot bring a *Bivens* claim against Citibank N.A. and Citibank Mortgage, Inc. (Recommendation at 12-13.) This finding was based on the fact that *Bivens* claims cannot be asserted against private corporations or entities, "even if the putative defendant is subject to supervision and regulation by the federal government." (*Id*.) While Plaintiffs argue in their Objections that Citibank and CitiMortgage are creatures of federal law and thus federal instrumentalities, they rely on the same cases cited in their

First Amended Complaint and their response to the motion to dismiss which were considered by Magistrate Judge Shaffer. Further, their Objections simply revisit the arguments made in their response, and do not raise specific objections to the Recommendation.

Moreover, the cases cited by Plaintiffs are inapposite to the issue at hand. For example, in *Lebron v. Nat'l R.R. Passenger Corp*., 513 U.S. 374 (1995), the Supreme Court found that Amtrak, "though nominally a private corporation", is "an agency or instrumentality of the United States for the purpose of individual rights guaranteed against the Government by the Constitution." *Id*. at 379, 394. That holding was based, however, on the fact that Amtrak was created by the government "by a special statute, explicitly for the furtherance of federal governmental goals", its board of directors was controlled by government appointees, and it was wholly or partially owned by the Government. *Id*. at 383, 391, 397, 400. Plaintiff has not shown that CitiMortgage is similarly situated to Amtrak.

Plaintiff also cites other cases involving corporations created by the government. *See, e.g., Fed. Land Bank v. Bismark Co. of St. Paul*, 314 U.S. 95 (1941); *Osborn v. Bank of United States*, 22 U.S. 738 (1824)[2], and *Acron Investments, Inc. v. Fed. Sav. & Loan Ins. Corp.*, 362 F.3d 236 (9th Cir. 1966). Plaintiffs have not shown that CitiMortgage and/or CitiBank were created by the government or meet the definition of a government corporation. Also cited by Plaintiffs is *First Nat. Bank in St. Louis v. State of Missouri*, 263 U.S. 640 (1924); *Easton v. State of Iowa*, 188 U.S. 220 (1903) and *Bank of America v. City and County of San Francisco*, 309 F.3d 551, 55 (9th Cir. 2009). Those cases recognized

[2] The Bank of the United States "authorized the United States to subscribe 20 percent of the corporation's stock", and expired in 1836. *Lebron*, 513 U.S. at 386.

that Congress has created an extensive federal statutory and regulatory scheme as to national banks, and held that a state may not subject a national bank to state laws that interfere or are contrary to federal laws. Again, these are inapposite. None of these cases or other authority cited by Plaintiffs addressed or held that national banks are governmental bodies for purposes of individual rights under the Constitution.

Magistrate Judge Shaffer cited cases in the Recommendation which did make such a finding, *i.e.,* that national banks are *not* governmental entities for purposes of *Bivens* even though they are subject to federal regulation. *See Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987) (declining to extend the *Bivens* cause of action to a nationally chartered bank), *overruled on other grounds*, *Haddle v. Garrison*, 525 U.S. 121 (1998); *Fletcher v. Rhode Island Hosp. Trust Nat'l Bank*, 496 F.2d 927, 932 n.8 (1st Cir. 1974) (federal regulation of a national bank will not support a *Bivens* cause of action against that bank); *Tare v. Bank of America*, 2009 WL 799236, at *10 (D. N.J. 2009) (holding that a national bank was not a federal officer for purposes of *Bivens*); *Panis v. Mission Hills Bank, N.A.*, 1993 WL 390399, at *4 (D. Kan. 1993) ("Although Mission Hills Bank is a national bank, it is a private organization, not a governmental entity . . . for purposes of *Bivens* or section 1983 actions"). I find that these cases are well reasoned, that Plaintiffs have not shown why those cases are inapposite, and that Magistrate Judge Shaffer's reliance on these cases is sound. Accordingly, I affirm and adopt that portion of the Recommendation which found that Citibank, N.A. and CitiBank Mortgage are not subject to *Bivens* actions as they are private entities.

Further, even if a *Bivens* claim could be brought against these Defendants, Magistrate Judge Shaffer found that the First Cause of Action asserting due process should

be dismissed. (Recommendation at 13-16.) He stated that "it appears to be undisputed that ... Ms. Neville and Mr. Ramsey received actual and timely notice of the Rule 120 Proceedings and the subsequent FED action, and in each action were afforded an opportunity to be heard." (*Id*. at 14.) Further, he found that Plaintiffs were actively involved in the Rule 120 Proceeding, and that they "continued to file materials to the state court even after that action concluded and an Order Authorizing Sale was entered." (*Id.* at 16.) Magistrate Judge Shaffer stated that "Rule 120 specifically provides that granting a motion for sale does not prejudice the right of any person aggrieved by that order from "seek[ing] injunctive or other relief in any court of competent jurisdiction", and "the state court repeatedly advised Ms. Neville and Mr. Ramsey of their right to pursue an independent action" if they wished to pursue other claims and issues relating to the subject property". (*Id*. at 15, 16.) Under these circumstances, Magistrate Judge Shaffer found that "Plaintiffs cannot plausibly argue that the Rule 120 Proceeding compromised or infringed upon their due process rights." (*Id*. at 16.)

The facts relied on by Magistrate Judge Shaffer in regard to the Rule 120 proceeding and the notice to Plaintiffs that they could pursue an independent action in regard to claims relating to their property are undisputed. Plaintiffs argue, however, that Colorado foreclosure law under Colo. R. Civ. P. 120 violates due process as it does not provide for a full and fair hearing and does not provide a right to appeal or a jury trial. I disagree. As noted in the Recommendation, Plaintiffs received actual and timely notice of the Rule 120 Proceedings and the subsequent FED Action and in each action were afforded an opportunity to be heard. (Recommendation at 14.) Further, to the extent Plaintiffs continue to rely on *Lindsey v. Normet*, 405 U.S. 56 (1972), a case previously cited in Plaintiffs'

opposition to the motion to dismiss, Magistrate Judge Shaffer correctly found that *Lindsey* does not support their position. (Recommendation at 14-15). Like Rule 120 of the Colorado Rules of Civil Procedure, the Oregon statute at issue in *Lindsey* did not prevent the evicted tenant from bringing his own action against the landlord or seeking affirmative relief in a subsequent lawsuit. *Lindsey*, 405 U.S. at 66-67. *Lindsey* held it is permissible to segregate an action for possession of property from other actions arising out of the same factual situation, and rejected a similar due process challenge. The same analysis would apply to Colorado's Rule 120 proceedings and foreclose Plaintiffs' due process claim.

Plaintiffs also argue as to the "Second Cause of Action" brought under 42 U.S.C. § 1983 that Colorado's FED statute, C.R.S. § 13-40-101 *et seq.*, is unconstitutional as applied to the facts to the extent it allowed Defendants "to complete the deprivation of property without procedural due process." (Recommendation at 16.) Once again, Magistrate Judge Shaffer found no support in the law for such claims. (*Id*.) First, he found that Plaintiffs failed to allege facts that would establish a violation of their constitutional rights, as required to state a § 1983 claim. (*Id*. at 17.) He also found that "§ 1983 does not impose liability in the absence of action by a person acting under color of state law", and that Plaintiffs did not allege facts that would satisfy the "color of law" element of a § 1983 claim. (*Id*. at 17-18.)

Among other grounds for his finding, Magistrate Judge Shaffer stated that "a plaintiff does not satisfy the 'state action' element of a § 1983 action by alleging the deprivation of property through unlawful or malicious conduct committed by a private actor." (Recommendation at 18.) He also found that to the extent Plaintiffs "contest the legal merits of Defendants' eviction efforts, that challenge will not suffice to transform Citibank N.A. or

CitiMortgage, Inc. into agents of the state" as "a private party does not become a state actor simply by seeking relief through state judicial proceedings." (*Id*.) Similarly, Magistrate Judge Shaffer found that "relief under § 1983 cannot be premised solely on an argument that a private actor misused available state procedures, particularly in the absence of overt and significant assistance from state officials", and that Plaintiffs did not allege any "active involvement by any state official." (*Id.* at 19.) I find no error with Magistrate Judge Shaffer's findings, and overrule any objections as to his recommendation to dismiss this claim asserted under 42 U.S.C. § 1983.

Finally, as to Plaintiffs' state law claim for "negligent or intentional infliction of extreme emotional distress", Plaintiffs allege that "the adjustable rate mortgages that the defendants extended to sub-prime borrowers with no proof of income introduced an unacceptable risk," and that Defendants' failure to offer Plaintiffs "a loan modification," and the "ensuing foreclosure and eviction caused plaintiffs' extreme emotional distress over the loss of their house that they called home for the past ten years." (Recommendation at 19.) The Recommendation found that this claim also should be dismissed as "[t]he First Amended Verified Complaint fails to allege any facts that would sustain a claim for intentional infliction of emotional distress." (*Id*. at 19.) Indeed, the Recommendation noted that "[u]nder Colorado law, "the level of outrageousness required for conduct to create liability for intentional infliction of emotional distress is extremely high", and that Plaintiffs alleged "nothing more than a conclusory assertion of 'extreme emotional distress'" which was insufficient to state a claim. (*Id*. at 19-20.) Plaintiffs' Objections do not state any grounds for overruling this portion of the recommendation, and I affirm Magistrate Judge Shaffer's

finding that Plaintiffs' state law claim for "negligent or intentional infliction of extreme emotional distress" should be dismissed.

Based on the findings in the Recommendation, Magistrate Judge Shaffer recommends that the Motion to Dismiss be granted in its entirety. (Recommendation at 20.) He further recommends that the action be dismissed without prejudice as no amendment could cure the legal deficiencies in the claims advanced by Plaintiffs. (*Id.*) I affirm and adopt the Recommendation in its entirety, and overrule Plaintiffs' Objections, including any objections that I have not specifically addressed herein.

Accordingly, it is

ORDERED that Plaintiffs Objection and Amended Objection to the Recommendation (ECF Nos. 42 and 43) are **OVERRULED**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge dated July 28, 2011 (ECF No. 41) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants Citibank, N.A. and CitiMortgage, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed on February 11, 2011 (ECF No. 32) is **GRANTED** consistent with this Order, and the case is **DISMISSED**.

Dated: September 28, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge