IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02653-WYD-CBS

MASON L. RAMSEY, a/k/a Mason L. Ramsey; and
JUDITH MAE NEVILLE, a/k/a Judith Mae Neville,

    Plaintiffs,

v.

CITIBANK, N.A.; and
JOHN & JANE DOES 1-50,

    Defendants.

---

### ORDER

---

THIS MATTER is before the Court on Plaintiffs' Motion to Alter or Amend Judgment and Motion for Relief from Judgment and Memoranda in Support of Each Motion (filed October 11, 2011).  Defendants Citibank, N.A. and Citimortgage, Inc. filed a response in opposition to the motion on November 4, 2011.  No reply was filed.

Plaintiffs' motion seeks alteration, amendment or relief from the Final Judgment entered on September 29, 2011.  Since the motion was filed within 28 days of the Judgment, the motion is properly construed under Fed. R. Civ. P. 59(e).  There are three major grounds that justify reconsideration under Rule 59(e):  "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Thus, a motion seeking reconsideration of the judgment "is appropriate where the court has misapprehended the facts, a party's

position, or the controlling law." *Id*. Such a motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.; *see also Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("'a motion for reconsideration is not a license for a [party] to get a 'second bite at the apple' and make legal arguments that could have been raised before").

In the case at hand, Plaintiffs propose several reasons why the Court should reconsider the entry of judgment against them. However, most of those arguments were already advanced before the Court and rejected, both by Magistrate Judge Shaffer and by me. Further, Plaintiffs have not shown that there has been an intervening change in the controlling law or that there is new evidence that was not accounted for by the Court.

Thus, Plaintiffs must show that reconsideration of the judgment is appropriate to correct a clear error of law or to prevent manifest injustice. I find that Plaintiffs have not made this showing. First, they have not argued manifest injustice. Second, while Plaintiffs argue that I misapprehended the law, I reject that argument. For example, Plaintiffs cite to cases which I previously found were inapplicable, such as *Osborn v. Bank of United States*, 22 U.S. 738 (1824), *Easton v. Iowa*, 188 U.S. 220 (1903), *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374 (1995), and *Lindsey v. Normet*, 405 U.S. 56 (1972). Plaintiffs continue to make the same arguments about these cases and do not address why my findings that the cases are inapplicable are erroneous.

Further, Plaintiffs attempt to make new arguments that could and should have been raised before, such as their argument that they were deprived of due process in

the Rule 120 proceeding in state court because Defendants were not required to show standing by clear and convincing evidence. They also improperly attempt to revive an equal protection claim that was not asserted in their First Amended Verified Complaint and which the Recommendation declined to consider. Plaintiffs did not object to that finding in the Recommendation and cannot raise the issue now. Ultimately, I agree with Defendants that Plaintiffs' motion is essentially an attempt to get a third bite at the apple, since Plaintiffs have had the opportunity to advance their arguments previously both to Magistrate Judge Shaffer and to me. Accordingly, it is

ORDERED that Plaintiffs' Motion to Alter or Amend Judgment and Motion for Relief from Judgment (ECF No. 47) is **DENIED**.

Dated this 21st day of December, 2011.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE